UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

1:15-cv-00236-FDW
(1:05-cr-00253-FDW-1)
(3:06-cr-00152-FDW-1)

| | |
|---|---|
| KHARI ATIBA MERRITT, ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner Khari Atiba Merritt's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 11.) Merritt is represented by the Federal Defenders of Western North Carolina, Inc.

**I.    BACKGROUND**

Merritt was indicted on October 4, 2005, for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Indict., United States v. Merritt, No. 1:05-cr-00253-FDW (W.D.N.C.), Doc. No. 1. He was released from federal custody on February 7, 2006, on an appearance bond. Bond, id. at Doc. No. 7. A superseding indictment was returned on February 8, 2006, adding a count of possession of ammunition by a convicted felon, in violation of § 922(g)(1). S. Indict., id. at Doc. No. 9.

On February 28, 2006, Merritt pled guilty pursuant to a plea deal to Count Two of the superseding indictment. Accept. & Entry of Plea, id. at Doc. 17. The Government dismissed Count One. He was continued on the same conditions of release pending sentencing. Prob. Violation Rpt., id. at Doc. No. 16 (sealed).

On May 3, 2006, while he was on release, Merritt was arrested and charged in state court with conspiracy to traffic cocaine. Id. The underlying conduct supporting those drug charges led to Merritt's indictment in federal court on June 6, 2006, on one count of conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1)(B), (Count One) and two counts of distributing and possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(C), 18 U.S.C. § 2, (Counts Two and Three). Indict., United States v. Merritt, No. 3:06-cr-00152-FDW (W.D.N.C.), Doc. No. 1. Each of those counts also charged that Merritt committed the offenses while he was on release, in violation of 18 U.S.C. § 3147. Id.

On November 16, 2006, Merritt pled guilty pursuant to a plea agreement to Count One of the indictment in Criminal Case No. 3:06-cr-00152. Accept. & Entry of Plea, id. at Doc. 10. The Government dismissed the other two counts.

Subsequently, a probation officer prepared a joint presentence investigation report ("PSR") for cases 1:05-cr-00253 and 3:06-cr-00152. Applying the 2006 United States Sentencing Guidelines ("U.S.S.G.") Manual, the officer concluded that Merritt's combined adjusted offense level for the two counts of conviction was 26. PSR ¶ 42. The probation officer then identified four prior felony convictions, all in North Carolina, that triggered a sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e), for the felon in possession of ammunition count, PSR ¶ 43, and a sentence enhancement under the career offender provisions of the Sentencing Guidelines for the drug conspiracy count, PSR ¶ 44.

The Armed Career Criminal Act ("ACCA") provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm or ammunition, if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1). Without the ACCA enhancement, the statutory maximum

2

sentence for someone convicted under § 922(g)(1) is 10 years imprisonment. See 18 U.S.C. § 924(a)(2). The career offender provisions of the sentencing guidelines raises the offense level for a defendant being sentenced for either a crime of violence or a serious drug offense, if he has two or more prior felony convictions for a crime of violence or a serious drug offense. See U.S.S.G. § 4B1.1 (2006). Merritt has two prior convictions for common law robbery and two prior convictions for assault with a deadly weapon with intent to kill inflicting serious injury that qualified as predicate offenses under both the ACCA and the career offender guidelines. PSR ¶¶ 43-44.

Applying the ACCA enhancement to the § 922(g)(1) count, the probation officer increased the offense level in Criminal Case No. 1:05-cr-00253 to 33. Id. at ¶ 43. Applying the career offender guidelines enhancement to the drug conspiracy count, the officer increased the offense level in Criminal Case No. 3:06-cr-00152 to 32. Id. at ¶ 44. Because the offense level under the ACCA was higher, the sentencing guidelines required that offense level be applied to both counts. Id. at ¶ 45 (citing U.S.S.G. § 4B1.4(b)(2)). Accordingly, the offense level for both counts was enhanced to 33. Id. Finally, the probation officer applied a two level decrease for acceptance of responsibility, leaving Merritt with a total offense level of 31 for both counts of conviction. Id. at ¶¶ 46-47.

The probation officer then determined that Merritt's criminal record placed him in criminal history category IV. PSR ¶ 57. Because Merritt was determined to be a career offender under the guidelines, however, his criminal history category was enhanced to VI, see U.S.S.G. § 4B1.1(b). PSR ¶ 57.

The officer next calculated sentencing options for the Court. Due to the ACCA enhancement, the statutory imprisonment range for the § 922(g)(1) count was 15 years to life. Id. at ¶ 84 (citing 18 U.S.C. §§ 922(g), 924(e)). The statutory term of imprisonment for the drug

count was no more than 20 years.  Id. at ¶ 84.  Additionally, Merritt was subject to a consecutive sentence of no more than 10 years for committing the drug offense while on release.  Id. (citing 18 U.S.C. § 3147).[1]  The guidelines sentencing range for a defendant with an offense level of 31 and a criminal history category of VI was 188 months to 235 months imprisonment.  Id. at ¶ 85.

Merritt was sentenced in both cases on December 12, 2007.  The Court sentenced him to 188 months for the § 922(g)(1) conviction in No. 1:05-cr-00253 and imposed a concurrent 188-month term for the drug conviction in No. 3:06-cr-00152.  Stmt. of Reasons Sec. IX, No. 3:06-cr-00152, Doc. No. 26 (sealed).  The Court imposed a consecutive 47-month term of imprisonment for the § 3147 violation, for a total of 235 months confinement.  Id.  Judgment was entered on January 8, 2008.  J., id. at Doc. No. 25.  Petitioner did not file a direct appeal.

In 2015, the United States Supreme Court issued its opinion in Johnson v. United States, holding that the residual clause in the ACCA's definition of "violent felony" is unconstitutionally vague under the Due Process Clause.  135 S. Ct. 2551, 2557 (2015).  "Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"  § 924(e)(2)(B) (2006) (emphasis added).  The italicized closing words of § 924(e)(2)(B)(ii) constitute the ACCA's residual clause.  Johnson, 135 S. Ct. at 2556.  Thus, under Johnson, a defendant convicted of a § 922(g) offense whose sentence was enhanced under the ACCA based on a prior conviction that satisfies only the residual clause of the "violent felony"

---

[1] Pursuant to 18 U.S.C.A. § 3147, a person convicted of a felony committed while he was released and awaiting judicial proceedings shall be sentenced, in addition to the sentence prescribed for the offense, to a term of imprisonment of not more than ten years.  Id.  The term of imprisonment imposed under § 3147 must be consecutive to any other sentence of imprisonment.  Id.

definition is entitled to relief from that sentence. Id. at 2563.

Seeking to take advantage of the ruling in Johnson, Merritt filed a pro se Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255, in this Court on October 7, 2015,[2] claiming that his sentence in case No. 1:05-cr-00253 exceeds the statutory maximum for a § 922(g) offense. (Am. Mot. to Vacate 4, Doc. No. 1). Specifically, Merritt contends that his two convictions for common law robbery qualify as violent felonies only under the ACCA's unconstitutional residual clause, leaving him with too few predicate offenses to qualify for a sentence enhancement under the ACCA. (Am. Mot. to Vacate 4.) Merritt also claims counsel was ineffective for failing to object to the use of the two common law robbery convictions as ACCA predicate offenses. (Am. Mot. to Vacate 5.) Thereafter, the Federal Defenders of Western North Carolina, Inc. entered an appearance on Merritt's behalf. (Doc. No. 3.)

The Government filed a Response to the Motion, agreeing that Merritt's sentence in case No. 1:05-CR-253 should be vacated in light of the holding in Johnson,[3] but disputing that counsel rendered ineffective assistance at sentencing. (Gov't's Resp. 3-5, Doc. No. 9.) The Government also argues that Merritt is not entitled to release because he is serving a 235-month sentence for his conviction in case No. 3:06-cr-00152, which the Government contends Merritt did not challenge in his Motion to Vacate. (Gov't's Resp. 6-7.)

Merritt, through counsel, then filed an unopposed Motion to Amend his § 2255 Motion. (Doc. No. 11.) In it, Merritt argues that the Court should liberally construe his pro se Motion to Vacate as fairly encompassing a Johnson-based challenge to both his felon-in-possession sentence and his concurrent drug sentence. (Mot. to Am. ¶ 2, Doc. No. 11) (citing Haines v.

---

[2] See Houston v. Lack, 487 U.S. 266, 267 (1988).

[3] On April 18, 2016, the Supreme Court held that Johnson applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1260 (2016).

Kerner, 404 U.S. 519, 520-21 (1972)).  With the consent of the Government, Merritt moved in the alternative to amend his Motion to Vacate to add a claim that his sentence for the drug offense violates due process in light of Johnson.[4]  (Mot. to Am. ¶ 3.)  The Court granted the Motion to Amend.  (Text Order, Aug. 3, 2016.)

Merritt then filed a Reply to the Government's Response.  He contends that merely vacating and correcting his sentence in case No. 1:05-cr-00253 is too limited.  (Reply 1, Doc. No. 14.)  He points out that application of the ACCA enhancement raised the offense level for his drug conspiracy count in case No. 3:06-cr-00152, see PSR ¶ 45, which subjected him to a higher sentencing guidelines range, see id. at ¶ 85.  (Reply 2.)  Merritt argues that under the "sentencing package doctrine," the appropriate remedy is to vacate his sentences in both cases and conduct a full resentencing.  (Reply. 4-8; Not. of Suppl. Authority, Doc. No. 15.)

## II.     STANDARD OF REVIEW

A prisoner may challenge a sentence imposed by a federal court, if:  (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  A sentence is "otherwise subject to collateral attack," if a petitioner shows that the proceedings suffered from "a fundamental defect which inherently results in a complete miscarriage of justice."  United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962) (internal quotation marks omitted)).  A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence.  See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

If the habeas court finds that the judgment was rendered without jurisdiction, the sentence

---

[4] Although the Government consented to the amendment, it did so with the caveat that it "[did] not intend to waive, forfeit, or otherwise relinquish any statute of limitations or other defense" or the right "to respond and raise any applicable defenses to the amended motion."  (Mot. to Am. ¶ 4, Doc. No. 11)

imposed was not authorized by law or is otherwise open to collateral attack, or there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, § 2255(b) requires that the court vacate and set the judgment aside. Id. The court must then discharge the prisoner, resentence him, grant a new trial, or correct the sentence "as may appear appropriate." Id.

### III. DISCUSSION

#### A. 18 U.S.C. § 922(g)(1) Offense

The Government concedes that Merritt no longer has the predicate felonies to support his sentence in case No. 1:05-cr-00253 under the ACCA. Specifically, the Government agrees that Merritt's convictions for common law robbery no longer qualify as violent felonies in light of the Fourth Circuit's decision in United States v. Gardner, 823 F.3d 793, 797 (4th Cir. 2016) (holding that common law robbery in North Carolina does not categorically qualify as a violent felony under the ACCA).

Based on the foregoing authority, the Court finds that Petitioner no longer qualifies as an armed career criminal; therefore, his sentence in case No. 1:05-cr-00253 exceeds the statutory maximum, see 18 U.S.C. § 924(a)(2), and will be vacated. Because the Court is vacating this sentence on other grounds, it need not address Merritt's claim that counsel was ineffective for failing to argue this issue at sentencing.

#### B. Drug Conspiracy Offense

To begin, the Court finds that even liberally construed, Merritt's Motion to Vacate cannot be read as fairly presenting a Johnson-related challenge to his career offender status under the Sentencing Guidelines in case No. 3:06-cr-00152. He draws no connection between the ACCA or Johnson and the calculation of his sentences in that case. Moreover, although the Court allowed Merritt to amend his Motion to raise such a challenge, the claim itself is untimely. See

28 U.S.C. § 2255(f)(1)-(4). The Government, however, has had ample time to raise a statute of limitation defense to the amended motion and has not done so. Additionally, an argument may be made that the Johnson-related challenge in the amended Motion relates back to the Johnson claim in the original Motion to Vacate. See Fed. R. Civ. P. 15(c) (governing when an amendment to a pleading relates back to the date of the original pleading). The question is largely moot anyway, as the Supreme Court held in Beckles v. United States, 137 S. Ct. 886, 894 (2017), that the holding in Johnson does not apply to the Sentencing Guidelines.

Regardless, the Court concludes it should apply the sentencing package doctrine and reconsider Merritt's entire sentence, rather than simply vacate and correct his sentence in Criminal Case No. 1:05-cr-00253. See United States v. Ventura, 864 F.3d 301, 309 (4th Cir. 2017) (noting that when a defendant must be resentenced on one count, the resentencing court is free to revisit the entire sentence imposed to ensure an appropriate disposition of the case); see also United States v. Johnson, No. 3:02-CR-00015, 2018 WL 834950, at *7 (W.D. Va. Feb. 12, 2018) (citing Ventura and sentencing package doctrine in ordering resentencing in § 2255 case). As explained previously, Merritt's offense level for the drug conspiracy count in Criminal Case No. 3:06-cr-00152 was increased because the Sentencing Guidelines required the ACCA-enhanced offense level be applied to both counts of conviction. PSR ¶¶ 43-45 (citing U.S.S.G. § 4B1.4(b)(2)).

Accordingly, the Court shall vacate Merritt's sentence and resentence him on all counts. The Court will keep all sentencing options open, however, to foreclose any unwarranted sentence through application of the "sentencing package doctrine."

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended Motion to Vacate, Correct, or Set Aside (Doc. No. 11) is
    **GRANTED in part** as follows: petitioner's claim that he no longer qualifies as

an armed career criminal under the ACCA is **GRANTED** pursuant to Johnson and Gardner. All other claims raised in the Amended Motion to Vacate are **DISMISSED** without prejudice;

2. The Judgment entered in Case No. 1:05-cr-00253, Doc. No. 19, and in Case No. 3:06-cr-00152, Doc. No. 25, is **VACATED** as to all counts of conviction;

3. The United States Probation Office shall revise the PSR to take into account that Merritt's common law robbery convictions no longer qualify as ACCA predicates;

4. The Federal Defenders of Western North Carolina shall be appointed to represent Merritt in his criminal cases for the purpose of resentencing; and

5. The Clerk of Court shall schedule this matter for resentencing after the final revised PSR is filed.

**SO ORDERED.**

Signed: May 17, 2018

Frank D. Whitney
Chief United States District Judge